THOMAS O. ALLEN, PLAINTIFF IN ERROR, vs. H. C. TISON, DEFENDANT IN ERROR.

1. Where a writ of error has been dismissed because of the failure of the plaintiff in error to file an assignment of errors, the court may at the same term, in the exercise of a sound discretion, reinstate the case on the docket.

2. Motion to reinstate denied, where, although the grounds of the motion, considered with reference to the failure to file such assignment, addressed themselves to the favorable consideration of the court, the record disclosed great laches on the part of plaintiff in error in the management of the case in the lower court and a total absence of merits.

Writ of Error to the Circuit Court for Duval county.

The affidavit referred to in the opinion is as follows:

John A. Henderson being duly sworn says: That as an attorney of this court he was engaged by the plaintiff in error to prosecute the above cause in the Supreme Court of Florida ; that he caused the writ of error to be obtained, and that since the present session of this court he has been continuously engaged in and about matters connected with his practice, much of the time in personal attendance upon the United States Court at Jacksonville, where he has been

detained much longer than he had expected, and that by, reason of his said engagements the omission to file an assignment of errors in this cause has escaped his attention.

JOHN A. HENDERSON.

Subscribed and sworn to before me this February 9, A. D. 1882.  CHAS. H. FOSTER, Clerk.

*John A. Henderson* and *Geo. P. Raney* for motion.

*J. C. Marcy & Son, contra.*

THE CHIEF-JUSTICE delivered the opinion of the court.

Motion by plaintiff in error to reinstate the cause after the same had been dismissed. The dismissal was ordered on motion of defendant in error, because there had been no assignment of errors filed. The writ of error was issued in June, 1881, and the return with the record was filed July 11, 1881. In support of the motion an affidavit of the attorney for plaintiff in error was read, stating that by reason of his various engagements and occasional absence from Tallahassee this matter had escaped his attention.

Looking at the record, we find that a judgment as for default of plea was had in January, 1880. In May, 1880, a motion was made to open the default upon the ground that plaintiff's attorney had promised and agreed to wait longer before taking judgment. In June, 1881, the motion was brought to a hearing and denied. There was never any plea tendered to the court with an affidavit of merits or without it.

The whole case from the beginning shows a series of delays on the part of the defendant and his several attorneys in the Circuit Court, which do not commend the case to favorable consideration.

Considering the character of the case, the apparent absence of merits and the long delays that have heretofore oc-

curred, while disposed to consider favorably the present application upon the circumstances stated if the case were otherwise free from the apparent laches of the plaintiff in error, we think that justice requires that this motion to reinstate be denied.